**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JOHN DOE, | DOCKET NUMBER |
| Appellant, | DC-0752-13-0026-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY, | DATE: September 26, 2014 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Laura A. O'Reilly, Esquire, Virginia Beach, Virginia, for the appellant.

Deborah Sciascia, Esquire, San Diego, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed the appeal of his indefinite suspension as withdrawn. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

filed without good cause shown for the filing delay, 5 C.F.R. § 1201.114(e), (g), and the appellant's request to reopen his appeal is DENIED, 5 C.F.R. § 1201.118.

## BACKGROUND

¶2    The appellant held the position of Intelligence Specialist with the agency's Naval Special Warfare Development Group.  Initial Appeal File (IAF), Tab 4 at 18-19.  The position required him to obtain and retain a Top Secret clearance with eligibility to access classified information.  *Id.* at 62.  On June 18, 2012, the agency suspended the appellant's security clearance and, consequently, his ability to access classified information.  *Id.* at 43.  After providing the appellant notice of the proposed action and an opportunity to respond, the agency indefinitely suspended him without pay from his Intelligence Specialist position, effective September 5, 2012, pending resolution of his security clearance status.  *Id.* at 19-27, 40-43.

¶3    On October 3, 2012, the appellant filed an appeal of his indefinite suspension, alleging that the agency's actions violated his due process rights.  IAF, Tab 1 at 3, 5.  During a conference call between the parties and the administrative judge on November 27, 2012, the appellant stated that, upon further review of the applicable case law and given his limited resources, he did not intend to pursue the appeal and wanted to withdraw it.  IAF, Tab 11 at 1.  The administrative judge noted in the Summary of Conference Call that the appellant understood that the withdrawal of his appeal would be with prejudice, which meant that it could not be refiled.  *Id.*  The administrative judge requested that the appellant file a notice of withdrawal in writing, *id.*, which he timely submitted into the record, IAF, Tab 12 at 3.

¶4    On November 29, 2012, the administrative judge issued an initial decision dismissing the appeal as withdrawn.  IAF, Tab 13, Initial Decision (ID) at 1-2.  She noted that the initial decision would become final unless a petition for review

was filed by January 3, 2013. ID at 2. The Board notified the appellant, who was a registered e-filer, of the decision via email. ID at 7-8.

¶5 On April 3, 2014, the appellant filed a pleading entitled "Appellant's Petition for Review and Request to Reopen Appeal." Petition for Review (PFR) File, Tab 1. The Office of the Clerk of the Board, by notice dated April 4, 2014, acknowledged the appellant's request as a petition for review of the November 29, 2012 initial decision. PFR File, Tab 2. The Clerk informed the appellant that the Board may dismiss his petition for review as untimely filed unless he submitted a motion showing that his petition for review was timely filed or that good cause existed for the filing delay. *Id.* The appellant consequently filed a motion to waive the timeliness requirement of his pleading, PFR File, Tab 4, and the agency filed an opposition in response to the appellant's motion, PFR File, Tab 5.[2]

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 The Board treats a request to reopen an initial decision that became final when neither party petitioned for review as an untimely filed petition for review. *Shannon v. Department of Veterans Affairs*, 110 M.S.P.R. 365, ¶ 5 (2009); *see Lincoln v. U.S. Postal Service*, 113 M.S.P.R. 486, ¶ 13 (2010). Therefore, we will initially consider the appellant's submission as an untimely filed petition for review.

¶7 The Board's regulations provide that a petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the party shows he received the initial decision more than 5 days after it was issued, within

---

[2] The agency also filed a motion to join the current appeal with another appeal filed by the same appellant that is also pending before the Board, which the appellant did not oppose. PFR File, Tabs 8-9. We find, however, that joinder would not expedite the processing of the appeals. *See* 5 C.F.R. § 1201.36(b)(1). Accordingly, we deny the agency's motion.

30 days of his receipt. 5 C.F.R. § 1201.114(e). Here, because the appellant was a registered e-filer, the last day on which the appellant could timely file his petition for review was January 3, 2013. ID at 2, 7-8. Therefore, the appellant's filing on April 3, 3014, was untimely by 15 months, which is significant. *See Miller v. Department of the Army*, 113 M.S.P.R. 572, ¶ 9 (2010).

¶8 The Board will waive the filing deadline for a petition for review only upon a showing of good cause for the delay. *Via v. Office of Personnel Management*, 114 M.S.P.R. 632, ¶ 5 (2010). To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). Factors that are considered in the determination of good cause include the length of the delay, the reasonableness of the excuse and showing of due diligence, whether the appellant is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to file his petition in a timely manner. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd sub nom. Moorman v. Merit Systems Protection Board*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶9 The appellant primarily argues that the Board should waive the filing deadline for his petition for review because the indefinite suspension has continued beyond any reasonable length of time. PFR File, Tab 4 at 4-5. He also alleges that he "wasted no time" in filing a petition for review once he learned from his counsel on February 20, 2014, that his indefinite suspension may have been unlawful since its imposition. PFR File, Tab 1 at 3, Tab 4 at 4. First, the appellant's arguments regarding the merits of his underlying appeal are not relevant to a determination on the timeliness issue. *See Marasco v. U.S. Postal Service*, 66 M.S.P.R. 555, 558 (1995). Second, the appellant has not shown that he exercised due diligence or ordinary prudence in filing his petition for review

when he waited 42 days once he allegedly learned from his attorney that his indefinite suspension may have been unlawful. *See Cassidy v. U.S. Postal Service*, 65 M.S.P.R. 86, 89 (1994) (an appellant who delayed filing a petition for review for 5 weeks after becoming aware of the alleged grounds for requesting Board review did not show good cause for excusing the untimely filed petition). In addition, although the appellant was pro se when he withdrew his appeal, he is represented on review. IAF, Tab 1 at 1, Tab 4 at 4. Under these circumstances, the appellant has set forth no grounds for finding good cause for a waiver of the filing deadline.

¶10    Regarding the appellant's request to reopen his withdrawn appeal, we deny his request. The Board may at any time reopen, on its own motion, an appeal in which it has rendered a final decision. 5 U.S.C. § 7701(e)(1)(B); 5 C.F.R. § 1201.118. Because an appellant's withdrawal of an appeal is an act of finality that has the effect of removing the appeal from the Board's jurisdiction, the Board will exercise its discretion to reopen a withdrawn appeal only in unusual or extraordinary circumstances and generally within a short period of time after the decision becomes final. 5 C.F.R. § 1201.118; *see Shannon*, 110 M.S.P.R. 365, ¶ 9 (the Board's authority to reopen a case is limited by the requirement that such authority be exercised within a reasonably short period of time, which is usually measured in weeks, not months or years); *see also Tipsword v. Department of the Army*, 66 M.S.P.R. 53, 55-57 (1994). Here, the initial decision became final 15 months before the appellant filed his petition for review. PFR File, Tab 1; ID at 2. Under these circumstances, we decline to exercise our discretion to reopen the appeal.[3]

---

[3] The appellant claims in a sworn statement that he felt he had no choice but to withdraw his appeal because the administrative judge and the agency attorney told him during the November 27, 2012 conference call that there was no way he could win. PFR File, Tab 4 at 7-8. In a sworn statement produced by the agency attorney, she refutes the appellant's contentions regarding the November 27, 2012 conference call, stating that neither she nor the administrative judge ever informed the appellant that he

¶11    Accordingly, we dismiss the petition for review as untimely filed, and we deny the appellant's request to reopen his appeal.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review.  The initial decision remains the final decision of the Board regarding the appellant's withdrawal of his indefinite suspension appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

---

would not prevail in the matter; rather, the administrative judge informed him of his burden of proof to establish his due process claim and also distinguished his appeal from *Diehl v. Department of the Army*, 118 M.S.P.R. 344 (2012).  PFR File, Tab 5 at 21-22.  We find that the record, including the administrative judge's summary of the conference call and the appellant's own statement of withdrawal, supports the agency's statement regarding the contents of the conference call.  IAF, Tabs 11-12.  Accordingly, we find that the appellant has not shown that he based his withdrawal on misinformation from the administrative judge.

Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.